IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL LIEB,                                                    CIVIL DIVISION

       Plaintiff,

                                                                                     2:23-cv-0409-WSH

COUNTY OF ALLEGHENY

AND

RICH FITZGERALD, *in his official capacity as Allegheny County Executive,*

       Defendant.

## BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS COMPLAINT

Pursuant to F.R.C.P. 12(b)6 Defendants file this BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS COMPLAINT.

### I.    STATEMENT OF THE CASE

Pro se Plaintiff Daniel Lieb initiated suit in this Honorable Court by filing a three-count complaint alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, violations of the Allegheny County Home Rule Charter and Administrative Code, and Negligent Infliction of Emotional Distress. (*Complaint* ECF #1.) Only those well-pled facts material to the pending motion will be set forth here and will be accepted as true by Defendants for the limited purposes of this pending Motion.

Plaintiff Lieb worked for Defendant Allegheny County in the Allegheny County Bureau of corrections until December 2021 (Complaint ¶¶ 8,13.) Allegheny County issued a policy requiring Allegheny County employees under the executive branch to be vaccinated against

COVID-19 by December 1, 2021.[1] (Complaint ¶ 20.) Plaintiff Lieb is a Christian and alleges his sincerely held Christian beliefs do not allow him to be assaulted by a foreign body being inserted into [his] body as [his] body is the temple of the Holy Spirit and is to remain pure. *See* (Complaint ECF #1-12.) Plaintiff Lieb submitted a request for an exemption from the COVID-19 vaccine due to his sincerely held religious beliefs. (Complaint ¶ 21.) The County denied Plaintiff's request for accommodation to remain unvaccinated and Plaintiff was terminated on December 2, 2021. (Complaint ¶¶ 29, 36.)

## II. LEGAL STANDARD

For a complaint to withstand a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6), it must provide sufficient facts that, if presumed to be true, support "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to qualify as "plausible," the alleged facts must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Third Circuit Court of Appeals has elaborated on the pleading standard set forth in *Iqbal*, providing the following test for determining the sustainability of complaints challenged under Rule 12(b)(6):

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District

---

[1] Plaintiff refers to Allegheny County's vaccine policy throughout the Complaint. However, Plaintiff has not attached it. Allegheny County has included the policy as Exhibit "A" to its Motion to Dismiss. This Court may consider, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

> Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "*show*" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (*emphasis added*) (*internal citations to Iqbal omitted*). Only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

A complaint filed by a *pro se* litigant is to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers.' " Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

### III.   ARGUMENT

**A. Count II – Allegheny County Home Rule Charter and Administrative Code- No Cause of Action**

Allegheny County, as with all governmental entities operating within the Commonwealth of Pennsylvania, is created by law and can only operate within the authority provided to it by law. Allegheny County became a "Home Rule" government effective January 1, 2000, when the

Allegheny County Home Rule Charter (hereafter "HRC") took effect.[2] The Home Rule Charter is required to be construed broadly in favor of County government. HRC §1.13-1304.

The HRC provides that County Council was required to promulgate an "Administrative Code" that set forth a, "complete plan of organization, departmental structure and operation for the County government." HRC §1.4-406. This Administrative Code ("AC Code")[3] along with the HRC sets forth laws for the operation of Allegheny County government.

Plaintiff alleges in Count II of his Complaint that Defendant Fitzgerald in his official capacity as County Executive violated the Allegheny County Home Rule Charter and Administrative Code by implementing a COVID-19 vaccination mandate for executive branch employees without the input of County Council.  However, the facts alleged in the Complaint do not support this conclusion and do not articulate a violation of either the HRC or the AC Code.  Plaintiff cites to the provision in the HRC that sets forth County Council's power to adopt, amend and repeal ordinances, resolutions, and motions as the basis for his claims. HRC § 1.4-402. (Complaint ¶55.) However, the COVID-19 vaccination mandate is an employment policy that applies solely to employees serving under the Executive - not an ordinance, resolution, or motion. Plaintiff has cited to no provision of the HRC or AC Code that would require the County Executive to obtain input or approval from County Council prior to implementing an employment policy applicable to Executive Branch employees.

---

[2] The HRC is available on-line. A link to the HRC is provided here: https://ecode360.com/8453332. All citations to the HRC in this BRIEF can be found at ecode360.com. Hyperlinks to the HRC are also provided throughout this BRIEF.
[3] The AC Code is available on-line. A link to the AC Code is provided here: https://ecode360.com/8480144. All citations to the AC Code in this BRIEF can be found at ecode360.com. Hyperlinks to the AC Code are also provided throughout this BRIEF.

Furthermore, the AC Code and HRC vest the County Executive with authority to implement employment policies. The HRC provides that the executive and administrative power of the County shall be vested in the Executive Branch. The Executive Branch shall consist of the Chief Executive, the Manager, the Law Department and such other departments and agencies as are established in the Administrative Code. [HRC §1.5-501.](#) The County Executive is vested with the power and duty to control and be accountable for the administration of all departments and agencies under the Executive Branch. [HRC §1.5-502(e).](#) The County Manager, working under the County Executive, is vested with the power and duty to prepare and administer a personnel system. [HRC §1.6-602](#). The personnel system shall include rules and regulations governing such subjects as classification and pay plans, examinations, force reduction, removals, discipline, working conditions, provisional and exempt appointments, employee training and orientation, grievances and civil service systems. [AC Code Article IX §1.9-902.](#) The County Executive, through the County Manager and the Human Resources Division, shall be accountable for the development of personnel policies, procedures, and regulations for the career service of the County which includes policies relating to concern for the public interest. [AC Code §5-10001.03.](#) The County Manager, acting under the County Executive, shall Establish overall personnel policies. [AC Code §5-1001.04B.](#) Nowhere in the HRC or AC Code does it require the County Executive to obtain approval from County Council to establish employment policies. See [AC Code and HRC, generally.](#)   For the foregoing reasons[4], Count II of the Complaint and Plaintiff's request for declaratory judgment finding that Defendant Fitzgerald unlawfully exceeded statutory authority must be dismissed with prejudice.

---

[4] Nothing in the AC Code, HRC, or law establishes that Plaintiff has a private right of action for his claims alleging violations of the AC Code or HRC. See [AC Code and HRC, generally.](#)

**B. Count III – Negligent Infliction of Emotional Distress – County is Immune**

Count III is a pendant state tort claim. Pennsylvania law applies to these claims. Allegheny County is a political subdivision of the Commonwealth of Pennsylvania. It is entitled to the privileges and protections of the Political Subdivision Tort Claims Act ("Tort Claims Act"). 42 Pa.C.S.A. §§ 8541-8564. Under the Tort Claims Act, Allegheny County is generally immune from suit. The County may be held liable only for negligent acts, and those acts must fit within the following parameters:

1. There exists either a statutory or common law cause of action that would hold the County liable but for the Tort Claims Act. 42 Pa. C.S.A. § 8542(a)(1);

2. A County employee's action or inaction caused the plaintiff's harm. 42 Pa. C.S.A. § 8542(a)(2); and,

3. This action/inaction falls within one of nine categories. 42 Pa. C.S.A. § 8542(a)(2) and (b)(1-9).

The Tort Claims Act must be narrowly construed in favor of insulating the County from liability. *Mascaro v. Youth Study Center, 523 A.2d 1118 (Pa. 1987)*. Allegheny County's employees are blanketed with the same limitations of liability that Allegheny County receives. 42 Pa.C.S.A. § 8545. Plaintiff's Negligent Infliction of Emotional Distress claim fails because of this grant of immunity. As such, Count III must be dismissed with prejudice.

## IV. CONCLUSION

Defendants respectfully request that this Honorable Court dismiss Counts II and III of Plaintiff's Complaint with prejudice and strike Plaintiff's request for declaratory judgment.

Respectfully submitted,

*/s/ Frances Marie Liebenguth*
Frances Marie Liebenguth
Assistant County Solicitor

Pa. I.D. #314845
(412) 350-1108
Frances.Liebenguth@alleghenycounty.us

*/s/ Virginia Spencer Scott*
Virginia Spencer Scott
Assistant County Solicitor
Pa. I.D. #61647
(412) 350-1173
V.Scott@alleghenycounty.us

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219