IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL J LIEB,                                      )
                                                    )
                                                    )
              Plaintiff,                            )
                                                    )   Civil Action No. 23-409
         v.                                         )
                                                    )
ALLEGHENY COUNTY, RICH                              )
FITZGERALD, IN HIS OFFICIAL                         )
CAPACITY AS ALLEGHENY COUNTY                        )
EXECUTIVE;                                          )
                                                    )
                                                    )
              Defendants.                           )

## MEMORANDUM OPINION

Presently before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Complaint

(Docket No. 16), Defendants' brief in support thereof (Docket No. 17), Plaintiff's response in

opposition to the motion (Docket No. 19), Defendants' reply (Docket No. 20), and Defendants'

supplement to the partial motion to dismiss.  (Docket No. 21).  Upon consideration of Defendants'

motion, the materials filed in support thereof, and Plaintiff's opposition thereto, the Court will

grant the motion and dismiss Counts II and III of Plaintiff's Complaint.  As explained herein,

Count II will be dismissed without prejudice and Count III will be dismissed with prejudice.

### I.    Background[1]

Plaintiff Daniel Lieb ("Lieb") filed his Complaint in this matter on March 10, 2023.

(Docket No. 1).  Therein he alleges that Defendants Allegheny County ("County") and Rich

Fitzgerald ("Fitzgerald") in his official capacity as Allegheny County Executive (collectively,

"Defendants") caused Lieb's unlawful termination from his employment with the Allegheny

---

[1]    The Court draws the background of this case from the allegations in the Complaint, and construes
Lieb's allegations liberally because he is pro se.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

County Bureau of Corrections on December 2, 2021.  (*Id.* ¶¶ 8, 36).  The basis of Lieb's termination was the County's rejection of his request for a religious exemption from the COVID-19 vaccination requirement in place at the time.  (*Id.* ¶ 29).

The County first instituted the policy underlying Lieb's eventual termination on August 6, 2021.  (Docket No. 1-11).  The policy permitted exceptions for religious and medical reasons, in accordance with state and federal law.  (*Id.*).  Otherwise, County employees were expected to comply with the vaccination requirement by December 1, 2021.  (Docket No. 1, ¶ 20).[2]  In response to the announcement of the County's policy, Lieb submitted a religious exemption request to Employee Relations Manager Nichole Nagle ("Nagle") on October 12, 2021.  (*Id.* ¶ 21).  He supplemented his request by memorandum on October 13, 2021.  (*Id.*).  In his bid for exemption, Lieb explained that he objected to vaccination because (among other things) mRNA injections violate his sincerely held religious belief that his body is "a Temple of God," and he could not inject "foreign bodies" into his body.  (*Id.* ¶ 23).

On November 29, 2021, Lieb received a letter (dated November 24th) informing him that his request for exemption was denied.  (*Id.* ¶ 29).  Lieb emailed Nagle, County Human Resources Director Laura Zaspel ("Zaspel"), and others, asking to appeal the decision, but he did not receive a response.  (*Id.* ¶ 31).  Lieb thereafter received a *Loudermill* hearing[3] on December 1, 2021, at which time he asked for thirty days for further evaluation of his situation, and for proof that

---

[2]     Lieb alleges that the policy required County employees to be vaccinated or to submit to masking and regular testing (Docket No. 1, ¶ 20); however, he further alleges that all employees were required to be vaccinated by December 1, 2021, or they would be terminated and describes the masking/testing option as an accommodation for religious exemptions.  (*Id.* ¶¶ 20, 22).  At present, the Court need not attempt to resolve any questions arising from differences in characterizations of the nature of the vaccine requirement in Lieb's description of the County's policy.

[3]     *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (explaining that Due Process "requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment").

accommodating his religious exemption would "impair workplace safety." (*Id.* ¶¶ 32, 34). Nonetheless, Lieb was terminated the next day, December 2, 2021. (*Id.* ¶ 36). After he was terminated, Lieb emailed Nagle, Zaspel, and others on December 13, 2021, with lab results showing that his blood contained natural COVID-19 antibodies. (*Id.* ¶¶ 37-38). Lieb avers that he thus demonstrated that his natural immunity to COVID-19 was just as effective or more effective than vaccine-induced immunity. (*Id.* ¶ 39). Defendants, however, did not contact him in response to his submission of those lab results. (*Id.* ¶ 41).

In the absence of a response from his former employer, Lieb filed a complaint of religious discrimination with the Equal Employment Opportunity Commission (EEOC). (*Id.* ¶ 42). The EEOC denied relief and issued a right to sue letter on November 15, 2022, which Lieb received on December 12, 2022. (*Id.*). Lieb then filed his Complaint before this Court.[4] Therein Lieb brings three counts: (**Count I**) Religious Discrimination in violation of Title VII (of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*) for Defendants' "categorical[] refus[al] to grant any reasonable accommodations" in response to his request for a religious exemption from the vaccine requirement (*id.* ¶¶ 44-50); (**Count II**) Violations of the Allegheny County Home Rule Charter (HRC) and Administrative Code (AC) insofar as he alleges that Fitzgerald exceeded his authority by "unilaterally, arbitrarily, and capriciously implementing a COVID-19 vaccine mandate for all Allegheny County employees without the input of the County Council" based on his "personal, deep affinity and obsession with COVID-19 vaccines" (*id.* ¶¶ 51-57); and (**Count III**) Negligent Infliction of Emotional Distress insofar as Lieb alleges he was forced to make a

---

[4]     Lieb avers, and Defendants do not dispute, that he timely filed his Complaint before this Court on March 10, 2023, because although his right-to-sue letter is dated more than ninety days prior to that date, his filing of suit is within ninety days of his *receipt* of the right-to-sue letter. (*Id.* ¶ 43 (quoting *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("The on-set of the 90–day period is generally considered to be the date on which the complainant receives the right-to-sue letter."))).

choice between (a) obeying the Lord and protecting his health and well-being, and (b) submitting to a vaccine mandate to keep his job of fifteen years.  (*Id.* ¶¶ 58-64).  With respect to his third count, Lieb further alleges that he "suffered public humiliation, discrimination and ridicule as a result of the Defendants making his vaccination status public by unlawfully terminating his employment" which resulted in "severe clinical anxiety and depression."  (*Id.* ¶ 64).  For relief, Lieb seeks: (A) a declaratory judgment that Fitzgerald exceeded his authority; (B) compensatory damages (including lost wages, back pay, interest, and punitive damages); (C) costs; and (D) other such relief as is fair and equitable under Title VII.  (*Id.* at pg. 15).

In response to Lieb's Complaint, Defendants filed a partial motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), in which Defendants seek dismissal of Counts II and III.  (Docket No. 16).  Defendants *have not* sought dismissal of Count I.  The motion is fully briefed.  (*see* Docket Nos. 17, 19, 20, 21).

## II.    <u>Standard of Review</u>

In the Court's consideration of a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the Court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  The courts' obligation to accept as true all factual allegations does not extend to legal conclusions; thus, a court is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). To review a complaint under this standard, the Court proceeds in three steps. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court notes the elements of a claim. *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the Court eliminates conclusory allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679). And finally, the Court assumes the remaining well-pleaded facts are true and assesses "whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

**III.** <u>**Legal Analysis**</u>

As indicated *supra*, **Section I** (Background), Defendants presently seek dismissal of Count II wherein Lieb alleges that Fitzgerald exceeded his lawful authority, and Count III wherein Lieb pursues a claim of negligent infliction of emotional distress. With respect to Count II, Defendants have argued in their opening brief that Lieb fails to state a claim at Count II because there is no provision in the HRC or AC that would have restricted Fitzgerald's imposition of a vaccine mandate as an employment policy. In their reply brief, Defendants have argued that the Court should dismiss Count II and Lieb's concomitant request for declaratory judgment because there is no active case or controversy with respect to that request for relief, *i.e.*, the issue is moot. Regarding Count III, Defendants ask this Court to dismiss Lieb's negligent infliction of emotional distress claim on account of the County's immunity under the Political Subdivision Tort Claims Act (42 Pa. C.S. § 8541). Defendants ask that both Counts II and III be dismissed with prejudice.

The Court will address the motion with respect to Count III first. In response to Defendants' argument for dismissal of Count III (negligent infliction of emotional distress), Lieb's response is that he already stipulated to dismissal of this claim in an email sent to Defendants' counsel May 15, 2023. (Docket No. 19, pg. 4). And Lieb attaches what appears to be an email

exchange between himself and counsel for Defendants Frances Liebenguth (among others) wherein Lieb wrote:

> There will be no stipulated dismissal for pecuniary damages. You fallaciously state that 42 U.S.C. § 1981a bars pecuniary damages. It does bar punitive damages against Allegheny county, **which the Pro Se Plaintiff stipulates to dismissal thereof (punitive damages *and negligent infliction tort*).** Pecuniary and nonpecuniary damages, however, are part of the compensatory maximum of $300,000. 42 U.S. Code § 1981[a](b)(3)(D).

(Docket No. 19-2 (emphasis added)). The Court construes Lieb's response to Defendants' motion in this regard as his indication that he is unopposed to the dismissal of Count III. *See e.g.*, *Ivers v. Brentwood Borough Sch. Dist.*, No. 2:20-CV-1244, 2021 WL 768166, at *2 (W.D. Pa. Feb. 26, 2021) (drawing an inference that arguments are unopposed from a party's failure to respond). Accordingly, Count III will be dismissed with prejudice as leave to amend would be futile. *Id.*[5]

This brings the Court to Defendants' argument for dismissal of Count II. In his Complaint, under Count II, Lieb avers that "Fitzgerald unlawfully exceeded his authority by unilaterally, arbitrarily, and capriciously implementing a COVID-19 vaccine mandate for all Allegheny County employees without the input of the County Council" although there was "no legal or scientific basis for Fitzgerald's vaccine mandate that led to [Lieb's] termination from employment." (Docket No. 1, ¶¶ 56-57). Lieb is seeking only declaratory relief pursuant to 28 U.S.C. § 2201(a) with respect to Count II. (Docket No. 19, pgs. 1-2; Docket No. 1, pg. 15 (requesting "[a] declaratory judgment finding that Defendant Rich Fitzgerald unlawfully exceeded his statutory authority in implementing a countywide vaccine mandate for all employees.")). As briefly

---

[5] The Court will not accede to Lieb's request for sanctions to be imposed on Defendants for moving to dismiss Count III despite his stipulation to dismissal. Pursuant to Fed. R. Civ. P. 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Thus, according to Rule 11(c), Lieb's brief inclusion of a request for sanctions in his brief in opposition to Defendants' partial motion to dismiss is not an appropriate vehicle for pursuit of such.

discussed above, Defendants' argument for dismissal of Count II in their opening brief is that Lieb

fails to plausibly allege that Fitzgerald violated a provision of the HRC or AC—*i.e.*, exceeded his

lawful authority.   In their Reply, Defendants question whether there is presently a case or

controversy with respect to Count II and Lieb's request for declaratory relief.   In light of the

Court's "obligation to examine [its] own jurisdiction,"[6] the Court first addresses the argument in

Defendants' reply brief.[7]

Accordingly, the Court must determine whether it has subject matter jurisdiction to

consider the claim in Count II and the requested relief.   *Davis v. Fed. Election Comm'n*, 554 U.S.

724, 734 (2008) ("'[A] plaintiff must demonstrate standing for each claim he seeks to press' and

'for each form of relief' that is sought." (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332,

352 (2006))).   The Declaratory Judgment Act (DJA) allows federal courts to "declare the rights

and other legal relations of any interested party seeking such declaration," so long as there is a

"case of actual controversy." *Wyatt, Virgin Islands, Inc. v. Gov't of V.I.*, 385 F.3d 801, 805-06 (3d

Cir. 2004) (citing 28 U.S.C. § 2201(a)) (internal quotation marks omitted).   But there must be a

case or controversy "in the constitutional sense." *Id.*   Thus, the DJA "is constitutional 'so far as it

authorizes relief which is consonant with the exercise of the judicial function in the determination

of controversies to which under the Constitution the judicial power extends.'" *Id.* (quoting *Aetna

Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)); *Sherwin-Williams Co. v.*

---

[6]     *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004).

[7]     A challenge of the Court's subject matter jurisdiction is properly raised under Fed. R. Civ. P. 12(b)(1).   Rule 12(b)(1) challenges can be facial or factual, and Defendants' challenge is facial because they ask the Court to consider the claim underlying Lieb's Count III "on its face" and "assert[] that it is insufficient to invoke the subject matter jurisdiction of the Court." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).   As in the Court's consideration of a motion to dismiss pursuant to Rule 12(b)(6), "the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

*Cnty. of Delaware*, 968 F.3d 264, 269 (3d Cir. 2020) ("We may review only 'concrete legal issues, presented in actual cases, not abstractions .... This is as true of declaratory judgments as any other field.'" (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969))).

The minimum requirements for constitutional standing are: "(1) a personal injury-in-fact (2) that the challenged conduct of the defendant caused and (3) that a favorable decision will likely redress." *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 465 (S.D.N.Y. 2013) (quoting *Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 228 (2d Cir. 2011)). The criteria are not satisfied when a plaintiff who seeks "prospective relief … rel[ies] on past injury to satisfy the injury requirement"; rather, the plaintiff "must show a likelihood that he or she will be injured in the future." *Id.* (quoting *Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)) (internal quotation marks omitted). So, in order "[t]o obtain declaratory relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Waller v. Hanlon*, 922 F.3d 590, 603 (5th Cir. 2019) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)); *Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021) (citing *Waller*, 922 F.3d at 603) ("A declaratory judgment is available to define the legal rights of parties, not to adjudicate past conduct where there is no threat of continuing harm."); *Ke v. DiPasquale*, 828 F. App'x 98, 101 (3d Cir. 2020) (citing *Waller*, 922 F.3d at 603) ("Issuance of a declaratory judgment or an injunction requires a threat of future harm."). In the employment context, this generally means that a plaintiff who "seek[s] injunctive or declaratory relief against his or her former employer" lacks standing because "there is no prospect that he or she will be injured in the future." *Kassman*, 925 F. Supp. 2d at 465-66.

Considering these principles, the Court can only conclude that the allegations underlying Count II of Lieb's Complaint and his request for declaratory relief concern events that are wholly

in the past.  Lieb has been terminated from his employment.  (Docket No. 1, ¶ 36).  And the COVID-19 vaccine requirement at issue in this case ceased to be in effect as of May 18, 2023.  (Docket No. 20-1 (Announcement of the end of the COVID-19 vaccination policy for Allegheny County employees)).[8]  Accordingly, it is the Court's determination that there is no live case or controversy with respect to Lieb's Count II and requested declaratory relief.[9]  Thus, the Court must dismiss Count II for lack of subject matter jurisdiction.

Because a dismissal for lack of subject matter jurisdiction should be without prejudice, the Court dismisses Count II without prejudice.  *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) ("Figueroa argues that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'  We agree.").  However, insofar as Lieb intimates that he desires to amend Count II to allege that Fitzgerald violated the Pennsylvania Public Employee Relations Act (PERA) and unlawfully unilaterally overrode collectively bargained for employment terms by imposing the vaccine requirement, such amendment would be futile and will not be permitted.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) (listing futility among the reasons justifying refusal of leave to amend).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Id.* (quoting *Burlington*, 114 F.3d at 1434).  Any amendment of the Complaint to assert a claim arising under PERA would be futile because the Pennsylvania Supreme Court has declared that the

---

[8]      As Defendants point out, this Court is permitted to consider documents attached to a motion to dismiss if a plaintiff's claims are based on the document and the document is "undisputedly authentic."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[9]      Judge Colville recently came to a similar conclusion in a similar case brought by an Allegheny County corrections officer.  *Slaby v. Fitzgerald*, No. 2:23-CV-596, 2024 WL 36969, at *6 (W.D. Pa. Jan. 3, 2024) ("[Plaintiff] cannot seek declaratory relief with respect to the now-terminated Mandate.").

Pennsylvania Labor Relations Board (PLRB) has exclusive jurisdiction over such claims. *Plouffe v. Gambone*, No. CIV.A. 11-6390, 2012 WL 2343381, at *7 (E.D. Pa. June 20, 2012), *aff'd sub nom. Plouffe v. Cevallos*, 777 F. App'x 594 (3d Cir. 2019) ("[B]ecause Plouffe's state law … claim seeks redress of conduct which constitutes an unfair labor practice under PERA, it lies within the *exclusive jurisdiction* of the PLRB." (emphasis added)); *Hollinger v. Dep't of Pub. Welfare*, 365 A.2d 1245, 1249 (Pa. 1976) ("[I]f a party directly seeks redress of conduct which arguably constitutes one of the unfair labor practices listed in Article XII (Section 1201) of the PERA … jurisdiction to determine whether an unfair labor practice has indeed occurred and, if so, to prevent a party from continuing the practice is in the PLRB, and nowhere else."). Accordingly, amendment to pursue violations of the PERA before this Court would be futile.[10]

### IV.   Conclusion

For all the foregoing reasons, the Court grants Defendants' partial motion to dismiss insofar as the Court dismisses Count II without prejudice, and further dismisses Count III with prejudice. Count I is the only remaining claim in Plaintiff's Complaint. An appropriate order follows.

> *s/ W. Scott Hardy*
> W. Scott Hardy
> United States District Judge

---

[10]     Regarding his request for leave to amend to allege violations of PERA, Lieb indicates that he would "seek[] declaratory relief therein as well"; specifically, that he would seek a declaratory judgment affirming the PLRB's May 16, 2023, decision wherein the PLRB addressed the Allegheny County Prison Employees Independent Union's allegation of unfair labor practices under PERA insofar as the County implemented a COVID-19 vaccination policy without bargaining over the matter first. (Docket No. 19, pgs. 3-4). It is not at all clear to the Court at this juncture that it could exercise jurisdiction over a declaratory judgment action brought by a former County employee seeking affirmance of a PLRB decision concerning PERA violations. Lieb has not indicated facts he would allege to support the Court's jurisdiction over such a claim. *Schultz v. Cally*, 528 F.2d 470, 474 (3d Cir. 1975) (explaining that plaintiffs must "allege … jurisdictional facts"). Therefore, Lieb's indication of a desire to amend his Complaint to request a declaratory judgment affirming the PLRB's findings does not dissuade the Court from its determination that amendment would be futile. Not only that but, as Defendants point out, the PLRB's decision is before the Commonwealth Court of Pennsylvania pursuant to the County's petition for review. (Docket No. 20-2). And parallel state proceedings counsel against an exercise of jurisdiction under the DJA. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 145 (3d Cir. 2014) (listing factors that guide district courts' discretion in deciding whether to exercise DJA jurisdiction).

Dated:          March 26, 2024

Cc/ecf:         All counsel of record

                Daniel J Lieb (via U.S. Mail)
                1121 Schang Road
                Pittsburgh, PA 15236